Nelson vs. McDonald.

---

NELSON, Respondent, vs. McDONALD, imp., Appellant.

*November 19 — December 15, 1891.*

*Husband and wife: Agency: Authority to fill blank description in mortgage: Fraud: Personal liability of wife on note.*

1. A wife signed a note with her husband, and signed and delivered to him a mortgage which was blank as to description, upon his representation that it was to cover certain land belonging to him.

Nelson vs. McDonald.

He inserted the description of the homestead, which belonged to the wife, and negotiated the note and mortgage to the payee in the note, who advanced the money without notice of the fraud. The mortgage appeared to be in due form and properly acknowledged, and there was nothing suspicious on the face of the papers. *Held,* that the wife was bound by the acts of her husband, and that the mortgage was valid, whether it was in fact acknowledged by her or not.

2. By signing a joint note with her husband the wife clothed him with *prima facie* evidence of her intention to charge her separate estate, and cannot deny such intention as against an innocent holder of the note who advanced money upon the faith thereof. She is therefore liable to a personal judgment.

APPEAL from the Circuit Court for *Door* County.

Mortgage foreclosure. It appears by the testimony that *Emily McDonald,* the appellant, was the wife of the defendant M. McDonald. That she signed a joint and several note with her husband for $350, running to respondent; and also, upon her husband's request, signed and delivered to her husband a mortgage which was blank as to description of property, upon his representation that the mortgage was to cover certain mill property belonging to him. In fact, however, the husband procured to be inserted in the mortgage the description of the family homestead, title to which was in the appellant, and he negotiated the note and mortgage to the plaintiff, who advanced the money thereon without notice of any fraud on the wife. The mortgage appeared to be in due form and properly acknowledged, and there was nothing on the face of the note or mortgage to arouse suspicion. Appellant never received any of the proceeds of the loan. Upon default, this action was brought, and the circuit court found the facts substantially as above, and rendered judgment of foreclosure, with an order for personal judgment against both husband and wife in case of deficiency. From this judgment *Emily McDonald* appealed.

For the appellant there was a brief by *O. E. & Y. V.*

Nelson vs. McDonald.

*Dreutzer*, and oral argument by *Y. V. Dreutzer*. They contended, *inter alia*, that where a married woman signs a note merely as the surety or accommodation maker for her husband or any other person, it cannot be enforced against her in an action at law. And it is doubtful whether, in this state, it would be enforced against her in a suit in equity. The rule that equity will not enforce liability against a surety where none exists at law has been applied in such a case. *Leffingwell v. Freyer*, 21 Wis. 392; *Kavanagh v. O'Neill*, 53 id. 101.

For the respondent there was a brief by *Greene & Vroman*, and oral argument by *Geo. G. Greene*.

WINSLOW, J. The case is hard, in that it imposes a lien upon the property of a confiding wife for which she has received nothing, but it is ruled by well-established legal principles. These principles are laid down notably in two decisions made by this court, viz., *Johnston Harvester Co. v. McLean*, 57 Wis. 258, and *Van Etta v. Evenson*, 28 Wis. 33. The substantial conclusion of these decisions is that authority may be given by parol to fill material blanks in a mortgage or other sealed instrument, as well as in negotiable paper, and that, when such authority is given, and the agent exceeds his instructions in filling the blanks, and negotiates the instrument with innocent third persons, the principal will be bound by the acts of his agent, although unauthorized.

This rule is just and salutary. It places the loss, if there be loss, upon the person who endowed the agent with apparent authority, and not upon the innocent third person who trusted to such apparent authority and parted with money or property in consequence of such trust. This rule is decisive of this case, for under it the mortgage must be held valid. Acknowledgment was not essential. *Leinenkugel v. Kehl*, 73 Wis. 238.

It is objected that there should be no personal judgment ordered against *Emily McDonald*, because she was a mere accommodation maker of the note. Upon this point the circuit judge well says: "By signing a joint note with her husband she clothed him with *prima facie* evidence of her intention to charge her separate estate." She ought not to be heard now to deny that apparent intention, as against an innocent third party who has advanced money upon the faith thereof.

*By the Court.*— Judgment affirmed.