## BOARD OF EDUCATION OF CITY OF MINNEAPOLIS v. LUCIUS A. HUGHES and Others.[1]

July 5, 1912.

Nos. 17,623—(176).

**Deed — insertion of name of grantee.**
    A deed complete and fully executed, save that a blank space for the name of the grantee is not filled out, and delivered to the grantee in this condition, is a nullity until the name of the grantee is inserted; but if the grantee, under express or implied authority from the grantor, inserts his

[1] Reported in 136 N. W. 1095.

---

[Note] Implied authority to fill in name of grantee in blank left for that purpose at time of delivery, see note in 38 L.R.A.(N.S.) 423.

own name in the blank space, the deed becomes operative as a conveyance, without being re-executed or reacknowledged.

### Same — authority presumed.

Implied authority to the grantee to fill up the blank in such a case is presumed, when the grantor receives and retains the consideration, and delivers the deed to the purchaser fully executed and complete, save in respect to such blank.

### Authority.

Such authority need not be in writing.

### Recording act — notice to subsequent purchaser.

Where the deed of a subsequent purchaser in good faith for a valuable consideration is recorded before a prior deed from the common grantor, the prior deed is void as to such subsequent purchaser; and the record of a deed from the grantee in such unrecorded deed to a third person before the deed to the subsequent purchaser is recorded is not notice of the unrecorded deed, and does not give title as against such subsequent purchaser.

Action in the district court for Hennepin county to determine adverse claims to a certain city lot. The answer alleged that Lucius A. Hughes was the sole owner and plaintiff had no right in or title to the lot. The reply alleged that the deed of Hughes was delivered with the name of the grantee left blank, was invalid and conveyed no title, and plaintiff had no notice of the deed until December, 1910. The case was tried before Hale J., who made findings and as conclusion of law ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Reversed and new trial granted.

*C. S. Deaver* and *Everett Moon,* for appellants.

*Daniel Fish,* City Attorney, and *Henry C. Flannery,* Assistant City Attorney, for respondent.

BUNN, J.

Action to determine adverse claims to a lot in Minneapolis. The complaint alleged that plaintiff owned the lot, and the answer denied this, and alleged title in defendant L. A. Hughes. The trial resulted in a decision in favor of plaintiff, and defendants appealed from an order denying a new trial.

The facts are not in controversy and are as follows: On May 16, 1906, Carrie B. Hoerger, a resident of Faribault, owned the lot in question, which was vacant and subject to unpaid delinquent taxes. Defendant L. A. Hughes offered to pay $25 for this lot. His offer was accepted, and he sent his check for the purchase price of this and two other lots bought at the same time to Ed. Hoerger, husband of the owner, together with a deed to be executed and returned. The name of the grantee in the deed was not inserted; the space for the same being left blank. It was executed and acknowledged by Carrie B. Hoerger and her husband on May 17, 1906, and delivered to defendant Hughes by mail. The check was retained and cashed. Hughes filled in the name of the grantee, but not until shortly prior to the date when the deed was recorded, which was December 16, 1910. On April 27, 1909, Duryea & Wilson, real estate dealers, paid Mrs. Hoerger $25 for a quitclaim deed to the lot, which was executed and delivered to them, but which was not recorded until December 21, 1910. On November 19, 1909, Duryea & Wilson executed and delivered to plaintiff a warranty deed to the lot, which deed was filed for record January 27, 1910. It thus appears that the deed to Hughes was recorded before the deed to Duryea & Wilson, though the deed from them to plaintiff was recorded before the deed to defendant.

The questions for our consideration may be thus stated: (1) Did the deed from Hoerger to Hughes ever become operative? (2) If so, is he a subsequent purchaser whose deed was first duly recorded, within the language of the recording act?

1. The decision of the first question involves a consideration of the effect of the delivery of a deed by the grantor to the grantee with the name of the latter omitted from the space provided for it, without express authority to the grantee to insert his own or another name in the blank space. It is settled that a deed that does not name a grantee is a nullity, and wholly inoperative as a conveyance, until the name of the grantee is legally inserted. Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Clark v. Butts, 73 Minn. 361, 76 N. W. 199; Id. 78 Minn. 373, 81 N. W. 11; Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654. It is clear, therefore, and this is conceded, that the

deed to defendant Hughes was not operative as a conveyance until his name was inserted as grantee.

Defendant, however, contends that Hughes had implied authority from the grantor to fill the blank with his own name as grantee, and that when he did so the deed became operative. This contention must, we think, be sustained. Whatever the rule may have been in the past, or may be now in some jurisdictions, we are satisfied that at the present day, and in this state, a deed which is a nullity when delivered because the name of the grantee is omitted becomes operative without a new execution or acknowledgment if the grantee, with either express or implied authority from the grantor, inserts his name in the blank space left for the name of the grantee.

In State v. Young, 23 Minn. 551, the instrument was an official bond given by a county treasurer, and no penal sum was named in the bond when it was delivered to the county commissioners; but it was inserted by the county auditor by direction of the commissioners, without the knowledge of the obligor or sureties. The language of Judge Mitchell is pertinent here in answer to more than one of plaintiff's contentions:

"Whatever may formerly have been the rule, or may still be the holding of some courts upon this question, we think the better opinion, both on principle and authority, is that parol authority is adequate and sufficient to authorize an addition to, or alteration of, even a sealed instrument. At the present day the distinction between sealed and unsealed instruments is arbitrary, meaningless, and unsustained by reason. * * * We therefore hold that parol authority is sufficient to authorize the filling of a blank in a sealed instrument, and that such authority may be given in any way by which it might be given in case of an unsealed instrument."

As in the case at bar, there was no claim that any express authority was given. It was held that this was unnecessary—that authority could be implied from circumstances, when the facts proved, all taken together and fairly considered, justify the inference.

In Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654, the name of an assignee in an assignment of a mortgage was absent when the instrument was delivered. The Chief Justice said: "If, however,

Morrow's name was inserted as assignee in the instrument by the authority of the mortgagee, express or implied from circumstances, and then recorded, he was in law the legal owner of record of the mortgage and entitled to foreclose. State v. Young, 23 Minn. 551; Van Etta v. Evenson, 28 Wis. 33, 9 Am. Rep. 486; Friend v. Yahr, 126 Wis. 291, 104 N. W. 997, 1 L.R.A.(N.S.) 891, 110 Am. St. 924."

The Wisconsin cases cited as authority in the Morrow case express the law as we think it ought to be and is in this state.

Van Etta v. Evenson was the case of a note and mortgage executed with a blank in each for the name of the payee and mortgagee, and delivered to an agent who was to procure a loan thereon for the maker from whomever he could. It was held that the facts showed an intention that the agent should fill the blanks, and that, when so filled, the instruments were valid, without a new execution and delivery. Dixon, C. J., said in regard to the supports of conflicting decisions: "They are grounds of the purest and most unalloyed technicality, originating in a state of things and condition of the law which have long since passed away."

In Friend v. Yahr the instrument was an assignment of a mortgage, in which the blank space was filled by the assignee with his own name after the delivery of the instrument to him. Marshall, C. J., said: "It will be found decided, in some cases holding that blank spaces, such as the one in question, may be filled up after delivery of the paper by authority in writing, that parol authority is insufficient, and that, if it were otherwise, authority could not be implied from the mere delivery of the paper in its incomplete condition; but the general rule is that when one delivers an instrument, whether the same be required to be under seal or not, so executed as to, in form, give it full validity upon the filling up of blanks, authority for the holder thereof to do that is implied."

The same rule exists in Iowa. Hall v. Kary, 133 Iowa, 465, 110 N. W. 930, 119 Am. St. 639; Augustine v. Schmitz, 145 Iowa, 591, 124 N. W. 607. In the Hall case it was held that a deed in which

the name of the grantee is left blank, but otherwise fully executed, vests title in the person whose name is subsequently written in by the person to whom it was delivered with authority to do so, and that when the grantor accepts the consideration and delivers the deed, authority to the grantee to fill up the blank must be presumed. The facts in the Augustine case were the same, as was the ruling. Further authorities are cited in Devlin, Deeds, § 457, notes.

Unquestionably the authorities are in conflict; but this court is committed to the rule that in case of the execution and delivery of a sealed instrument, complete in all respects save that the blank for the name of the grantee is not filled, the grantee may insert his name in the blank space, provided he has authority from the grantor to do so, and, further, that this authority may be in parol, and may be implied from circumstances. We consider this the better rule, and also that it should be and is the law that when the grantor receives and retains the consideration, and delivers the deed in the condition described to the purchaser, authority to insert his name as grantee is presumed. Any other rule would be contrary to good sense and to equity. The same result could perhaps be reached by applying the doctrine of estoppel; but we prefer to base our decision on the ground of implied authority. Clearly the facts in the case at bar bring it within the principle announced, and we hold that Hughes, when he received the deed from Mrs. Hoerger, had implied authority to insert his name as grantee, in the absence of evidence showing the want of such authority. The delay in filling up the blank has no bearing on the question of the validity of the instrument when the blank was filled.

It is argued that holding that parol authority to fill the blank is sufficient violates the statute of frauds. This theory is the basis of many of the decisions that conflict with the views above expressed; but we do not think it sound. The cases in this state, and the Wisconsin, Iowa, and other decisions referred to, are abundant authority for the proposition that the authority of the grantee need not be in writing. Our conclusion is, therefore, that the deed to Hughes became operative as a conveyance when he inserted his name as grantee.

2. When the Hughes deed was recorded, there was of record a deed to the lot from Duryea & Wilson to plaintiff, but no record showing that Duryea & Wilson had any title to convey. The deed to them from the common grantor had not been recorded. We hold that this record of a deed from an apparent stranger to the title was not notice to Hughes of the prior unrecorded conveyance by his grantor. He was a subsequent purchaser in good faith for a valuable consideration, whose conveyance was first duly recorded; that is, Hughes' conveyance dates from the time when he filled the blank space, which was after the deed from his grantor to Duryea & Wilson. He was, therefore, a "subsequent purchaser," and is protected by the recording of his deed before the prior deed was recorded. The statute cannot be construed so as to give priority to a deed recorded before, which shows no conveyance from a record owner. It was necessary, not only that the deed to plaintiff should be recorded before the deed to Hughes, but also that the deed to plaintiff's grantor should be first recorded. Webb, Record of Title, § 158; 3 Washburn, Real Property, 292; Losey v. Simpson, 11 N. J. Eq. 246; Burke v. Beveridge, 15 Minn. 160 (205); Schoch v. Birdsall, 48 Minn. 443, 51 N. W. 382.

Our conclusion is that the learned trial court should have held on the evidence that defendant L. A. Hughes was the owner of the lot.

Order reversed, and new trial granted.