W. TAYLOR, *Appellee,* v. ALFRED ADAMS et al. (ALFRED ADAMS, *Appellant*).

No. 17,836.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Deed—Want of Consideration—Burden of Proof on Holder of Tax Title.* The burden of proof to show want of consideration in a conveyance in the chain of title produced in evidence by a plaintiff, under which he claims to own land which is the subject of the action, is upon the defendant whose right to the land is based upon a tax deed.

2. DEED—*Name of Grantee Filled in by Agent—Acquiescence of Grantor.* Where a deed when executed is blank as to the grantee and the blank is afterwards filled by an agent with the name of his principal for whom he purchased the land, and the grantor does not repudiate the deed, or claim any interest in the land, but expresses satisfaction with the transaction, the deed is sufficient as against the holder of a defective tax title in possession.

3. TAX DEED—*Rights of Holder Statutory.* The rights of a tax-title holder are statutory and not equitable. (Following *Harris v. Defenbaugh,* 82 Kan. 765, 109 Pac. 681.)

Appeal from Stevens district court. Opinion filed June 7, 1913. Affirmed.

*Thomas A. Scates, Albert Watkins,* both of Dodge City, and *Ray H. Beals,* of St. John, for the appellant.

*F. S. Macy,* of Liberal, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The plaintiff commenced this action to quiet title on July 28, 1908. A judgment was taken by default on constructive service, which was set aside on December 14 of the same year. An amended and supplemental petition was filed containing four causes of action. The first stated a cause of action to quiet title under the statute, alleging possession in the plaintiff. The second stated facts necessary to quiet title,

Taylor v. Adams.

pleading the making and delivery of various conveyances from the government to the plaintiff under which he claimed title, and the facts under which it was alleged the defendants claimed title through void tax deeds. It was also alleged that at the commencement of the action the land was vacant but that pending the suit the defendant had made an adverse entry and was in possession. The third cause of action was in the ordinary form of an action in ejectment, and the fourth was for rents and profits. The answer admitted a patent had been issued and a conveyance made by the patentee to Jose P. Adams as alleged, but denied all other averments of the petition, and alleged title in the defendant under tax deeds referred to in the petition.

Evidence was offered by the plaintiff of a warranty deed from Jose P. Adams to Packer & Bonawitz, dated September 4, 1900, reciting a consideration of one dollar and an exchange of property. Evidence was also offered tending to prove that Packer and Bonawitz had been associated together in the stock business, had acquired title to land in western Kansas, and that Packer had died. A quitclaim deed from the widow and daughter, only heirs of Packer, deceased, to the plaintiff, dated September 9, 1907, was also in evidence. The evidence tended to show that this deed was procured from the grantors through a correspondence with R. M. Crawford, an agent for the plaintiff, and when executed and sent to the agent it was in blank as to the grantee. One of the grantors testified that they did not authorize the insertion of the plaintiff's name in the blank, but that they had never repudiated the deed and did not know whether it was legal, but were satisfied with it. There was also some evidence, although weak, tending to show authority of the agent to write in the name of the grantee.

The defendant's right to the property is based upon a tax deed issued in November, 1909, in lieu of one previously issued, dated and recorded September 6,

1904, based upon the taxes of the years 1900, 1901, 1902, and 1903. The invalidity of the first tax deed is conceded. The second one was not recorded within six months after its date.

The defendant purchased the land in August, 1905, from the holder of the tax title, and plowed a part of it in May, 1909. There was some evidence that he had herded stock on the land soon after the purchase. There was also testimony to the effect that other people also pastured the land, and that it was vacant and unoccupied until the plowing in May, 1909.

The court found generally for the plaintiff and that he was entitled to possession, set aside the tax deeds, and gave the defendant a lien for the taxes.

The principal contention of the defendant is that the demurrer to the plaintiff's evidence should have been sustained. It is argued that the plaintiff failed to prove any title to the land because there was no affirmative proof of a consideration for the deed from Jose P. Adams to Packer & Bonawitz. The deed imported a consideration. The burden of proving any defect in the conveyance in this respect, if available to the defendant, was upon him. However, it is not perceived how the defendant could be heard to question it. (*Carithers v. Weaver*, 7 Kan. 110.) Decisions cited by the defendant which hold that the payment of a valuable consideration must be shown to uphold a second conveyance from the same grantee, or a conveyance of a defective title made to one who claims to have purchased it in reliance upon a decree quieting title, are not applicable to the facts of this case.

It is also argued that the deed is void because it was executed in blank as to grantee. This objection is also unavailing. The grantors do not question the deed even if voidable as to them, but express satisfaction with it. Besides, there was some evidence of authority to fill the blank for the court to consider.

The defendant does not insist upon the validity of

his tax titles. The tax deeds had not been on record for five years when this action was commenced. In his brief he says that he has "strong equitable rights in this property, notwithstanding the void character of his tax title." There are no equities in favor of a tax-deed holder as against the owner of the land. His rights are statutory. (*Harris v. Defenbaugh*, 82 Kan. 765, 109 Pac. 681.) His right to recover taxes was protected by the decree.

The general finding for the plaintiff establishes the fact that the land was vacant when the suit was commenced. There is no inconsistency between this fact and the possession of the defendant, which, as appears from the allegation of the amended and supplemental petition, sustained also by the finding, was taken pending the suit. The plaintiff's title to one-half of the land was sufficient to set aside the voidable tax deed. (*Gibson v. Boynton*, ante, p. 712.)

The judgment is affirmed.