## ED. A. JOHNSON v. RICHARD EVANS.[1]

July 14, 1916.

Nos. 19,789—(101).

**Principal and agent — discharge of agent — action on checks drawn after discharge.**

> In an action to recover upon bank checks issued in the name of the defendant by one formerly his agent, it is *held* that the evidence conclusively shows that the agent was discharged prior to the issuance of the checks; **that** whatever implied authority to issue checks he had prior to his discharge did not survive it, and that there being no right of recovery, except upon the ground of implied authority, the court properly directed a verdict for the defendant.

Action in the district court for Hennepin county to recover $150 upon three checks issued in the name of defendant. The answer alleged that the person who drew the checks was discharged from the employ of defendant and on the same day he duly notified the bank on which the checks were drawn of said discharge, and notified the bank not to cash checks issued on behalf of defendant. The answer further alleged that the person drawing the checks was never at any time authorized by defendant to sign any check on that bank on behalf of defendant, except for the particular purpose of paying off employees. The case was tried before Hale, J., who directed the jury to find a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Kaercher & Freerks,* for appellant.
*H. E. Fryberger,* for respondent.

SCHALLER, J.

The defendant Evans was doing contract work for the Milwaukee road in the vicinity of Big Stone City, South Dakota. He carried an account with the Gold & Company State Bank of Big Stone City. Until July 7,

[1] Reported in 158 N. W. 823.

1914, one Emerson was his bookkeeper. On July 7, 1914, Emerson was discharged. On July 9, 1914, he drew three checks on the bank in the name of the defendant by himself as agent. The bank refused payment. Plaintiff owns the checks, and brings this action to recover their amounts. The court directed a verdict for the defendant, and the plaintiff appeals from the order denying his motion for a new trial.

The plaintiff's right of recovery is based upon the implied authority of Emerson to draw the checks. He had no express authority. The right of recovery because of apparent authority or upon the ground of estoppel was eliminated at the trial. Upon the motion to direct a verdict it was conceded of record that the plaintiff must recover upon Emerson's implied authority or not at all. · Implied authority is actual authority circumstantially proved. Apparent authority is not actual authority. "Implied authority is that which the principal intends his agent to possess, and which is proper, usual and necessary to the exercise of the authority actually granted. * * * Apparent authority is that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing." Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A. (N.S.) 74. "And because one dealing with an agent may show actual authority in him,—that is, such authority as the principal in fact intended to vest in the agent, although such intention is to be shown by acts and conduct, rather than by express words,—without showing that he (the person dealing with the agent) knew when he dealt with him of the acts and conduct from which the intention is to be implied, it was competent for defendant to show the course and manner of conducting business in the office of plaintiff, so far as the bookkeepers and cashier had charge of it. * * * Such a manner of conducting the business in the office might have been proved as would have justified the jury in finding that the officers must have known of the custom of the bookkeeper and cashier in regard to checks; and had that been found, and that it was acquiesced in by plaintiff, the intention to vest authority might have been implied." Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061.

Granting that at one time Emerson had implied authority to issue the checks, such authority did not survive his discharge. The evidence con-

clusively shows that he was discharged on July 7, and on that day his actual authority ceased. When he wrote and put the checks in circulation on July 9, he was without authority in fact.

A number of errors are assigned upon rulings on evidence. We find nothing calling for specific mention.

Order affirmed.