## MARY SCHAUBLE v. S. A. HEDDING AND OTHERS.[1]

October 26, 1917.

No. 20,502.

**Principal and agent — estoppel against principal — exchange of property.**

A principal is bound by the acts of his agent within the apparent or ostensible authority with which he has clothed him, when the one dealing with him and invoking an estoppel relies in good faith upon the appearance of authority and by it is induced to act. This doctrine is applied to a case where the plaintiff confided to her agent all the negotiations for the exchange of property with the defendant, intrusted him with a deed executed by her with the name of the grantee blank, and instructed him not to deliver until she was satisfied with the title, and he, disregarding his instructions, filled the blank and made delivery and received the defendant's deeds in return, and the defendant in making the exchange acted in good faith in reliance upon the apparent authority of the agent; and upon evidence either proving or fairly tending to establish such facts there was an issue for the jury upon the ultimate question whether the plaintiff because of apparent and ostensible authority in her agent relied upon by the defendant was precluded from repudiating the transaction.

Action in ejectment in the district court for Hennepin county and for $1,000 for use and occupation of the premises. The case was tried before Giddings, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony motions of the respective parties for a directed verdict, and a jury which returned a verdict for $492.61. From an order granting defendants' motion for a new trial, plaintiff appealed. Affirmed.

*W. G. Compton* and *Frank McNulty,* for appellant.
*William B. McIntyre,* for respondents.

[1]Reported in 164 N. W. 808.

DIBELL, C.

This is an action of ejectment brought by the plaintiff against the defendants S. A. Hedding, Mae O. Hedding and John Buschers to recover possession and for the use and occupation of a lot in Minneapolis. There was a verdict for the plaintiff against all of the defendants for possession and for money damages. Upon motion of the defendants the court granted a new trial upon the ground that it was in error in not submitting a certain issue to the jury. The plaintiff appeals from the order granting a new trial.

The important facts either undisputed or as they might be found from the evidence viewed favorably to the defendants are within brief compass. The plaintiff owned the lot which is the subject matter of this action and had negotiations with the defendant Mae O. Hedding relative to an exchange of it for Lake Minnetonka property. One Hatton was her agent. The plaintiff examined the property. She was not pleased with it and declined to make the exchange. She then suggested that the defendant propose other property in exchange. After this she did not see the defendant or any one representing her. Whatever negotiations she afterwards had with the defendant were exclusively through Hatton. The defendant proposed an exchange of North Dakota lands. Hatton inspected a part of them at the plaintiff's request and reported to her. On April 8, 1914, the plaintiff executed a deed of her Minneapolis lot, leaving the grantee blank and intrusted it to Hatton. She instructed him, so her testimony is and it is not disputed, to keep it in his possession until she was satisfied with the title of the North Dakota land that she was to get in exchange. Hatton went to Minneapolis, inserted the name of Mrs. Hedding as grantee, closed the deal with her, and took and recorded deeds to the North Dakota lands. The defendant knew that the deed was in blank and that Hatton inserted her name. Hatton was the only one with whom she dealt in making the exchange. The plaintiff did not see the defendant's deeds until after their record. She was dissatisfied, sought to have the transaction rescinded, and failing some time later brought this action to recover the Minneapolis lot. Mrs. Hedding in the meantime had taken possession through a tenant. The defendant did not know that the agent exceeded his authority and relied upon that appearing in him.

Stating the controlling facts still more briefly they are these: The plaintiff confided to her agent all the negotiations for an exchange of lands with the defendant and intrusted him with a deed, executed by her in blank as to the grantee, with instructions to retain possession until she was satisfied with the title to the property which she was getting in exchange; and her agent, disregarding her instructions, filled in the name of the defendant as grantee with the knowledge of the defendant, delivered the deed, and took in exchange and recorded the deeds of the defendant who, in completing the transaction, acted in good faith and relied upon the appearance of authority in the agent with whom alone she dealt.

In substance the court instructed the jury that Mrs. Hedding got nothing by the delivery to her of Mrs. Schauble's deed and that the plaintiff was entitled to a verdict unless after knowledge of the transaction she ratified the act of her agent Hatton in delivering the deed. The theory of the court was that her agent was without actual authority to make a delivery, that it was for the defendant to ascertain his authority, and that he being without authority the deed was not effective unless because of subsequent ratification. The jury returned a verdict for the plaintiff and in doing so necessarily found against a ratification. The court, conceiving that it was in error in submitting the single issue of ratification, and that it should have submitted the question whether Mrs. Schauble clothed her agent with ostensible or apparent authority to fill the blank and make delivery and was bound by his act in favor of one relying upon his apparent authority, granted a new trial. And the question on this appeal is whether upon evidence sufficient to show facts such as these recited there might be a finding that the plaintiff was estopped against the defendant relying upon the apparent or ostensible authority of the agent with whom she negotiated.

The rule is general that the principal is bound by the acts of his agent within the apparent or ostensible authority with which he has clothed him when the party dealing with him and invoking an estoppel has acted in good faith in reliance upon the appearance of authority. 1 Dunnell, Minn. Dig. § 156; 1 Mechem, Agency (2nd ed.), §§ 720-726; 1 Clark & Skyles, Agency, §§ 208-209; Reinhard, Agency, § 192; 16 Dec. Dig. Principal and Agent, § 99; 40 Cent. Dig. Id. §§ 254-261. Some authorities

suggest that when apparent authority exists liability arises without the aid of an estoppel. See discussion and cases cited in 16 Harvard Law Rev. 186; 5 Columbia Law Rev. 36, 261, 354, 456; 6 Col. Law Rev. 34. Sometimes the controversy is over phraseology or because of a confusion in the use of terms. Our court has always distinguished between apparent and ostensible authority and implied authority, the latter alone constituting authority in fact, and conveniently enough has rested liability substantially upon estoppel. Bloomingdale v. Cushman, 134 Minn. 445, 159 N. W. 1078; Johnson v. Evans, 134 Minn. 43, 158 N. W. 823; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74; Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061. The distinction though often useful is not always observed. Frequently there is confusion. The evidence that tends to show implied authority may show apparent authority. We need not pursue the discussion, for it is conceded that there was not actual authority and that only apparent or ostensible is shown.

Cases illustrating the principle of liability are without number. Those we cite illustrate it generally and a few of them are of value upon the particular facts before us. Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061; Brown v. Ames, 59 Minn. 476, 61 N. W. 448; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74; Pence v. Arbuckle, 22 Minn. 417; Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870, 4 L.R.A. 333, 16 Am. St. 683; Nelson v. McDonald, 80 Wis. 605, 50 N. W. 893, 27 Am. St. 71; Van Etta v. Evenson, 28 Wis. 33, 9 Am. Rep. 486; Morris v. Joyce, 63 N. J. Eq. 549, 53 Atl. 139; Putnam v. Clark, 29 N. J. Eq. 412; Reed v. Morton, 24 Neb. 760, 40 N. W. 282, 1 L.R.A. 736, 8 Am. St. 247; Guthrie v. Field, 85 Kan. 58, 116 Pac. 217, 37 L.R.A.(N.S.) 326.

We are not embarrassed by a rule which prevents the parol authorization of the filling of a blank in a sealed instrument. A seal is not essential to a deed. G. S. 1913, § 5704. The rule in this state is and it was before seals were abolished that the authority to fill a blank in a sealed instrument may be by parol, and that it may be implied, and that when filled with authority the deed is effective. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L.R.A.(N.S.) 637; Casserly

v. Morrow, 101 Minn. 16, 111 N. W. 654; State v. Young, 23 Minn. 551. Elsewhere the rule is not uniform. 1 Devlin, Deeds, § 457; 1 Mechem, Agency, §§ 213-215; 1 Clark & Skyles, Agency, §§ 53-60; Reinhard, Agency, § 61; 2 Jones, Real Property in Conveyancing, §§ 1328-1331.

If the filling of a blank by actual authority of the grantor makes the deed effective as a conveyance, no substantial reason exists why the result should be different when it is filled by one acting under an apparent or ostensible authority upon which the grantee in good faith relies under circumstances otherwise creating an estoppel. If there had been actual authority to fill the blank the deed would have been effective though the defendant had been present when her name was inserted and knew of it. Indeed if properly authorized she might herself have filled the blank. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L.R.A. (N.S.) 637. When the blank is filled pursuant to actual authority, the deed is effective and it is unnecessary to invoke an estoppel. Where there is an absence of actual authority, but a reliance upon apparent or ostensible authority, as here, the estoppel makes the deed effectual. The result may be different in a jurisdiction where the exercise of parol authority to fill a blank is ineffectual to pass title except by the aid of an estoppel and where knowledge that the deed was in blank would prevent an estoppel.

The evidence was such that the issue of apparent or ostensible authority upon which the defendant relied should have been submitted to the jury and the court was not in error in granting a new trial. The order is sustained upon the one ground discussed. We do not consider whether there was such acquiescence in the transaction for so long a time after knowledge of it that the plaintiff should be required to abide by it. That question may be met on the new trial. In view of a new trial, however, it is proper to say that the defendant Buschers was in no way connected with the possession and the defendant S. A. Hedding was not connected with the possession and was interested only as husband of the owner; and the verdict against them was wrong for reasons other than those discussed in this opinion.

Order affirmed.