Edgington v. Howland.

AVINGTON A. EDGINGTON, APPELLEE, V. JAY H. HOWLAND ET AL., APPELLANTS.

FILED NOVEMBER 16, 1923.  No. 22593.

1. **Appeal: AFFIRMANCE.** Where, in an action at law, the evidence is sufficient to support a finding of fact by a trial court, the supreme court will not disturb such finding, even though a different conclusion might have been reached had the case been before it in the first instance.

2. **Deeds: VALIDITY: DEED IN BLANK.** If a deed in blank be delivered to a certain person without authority to insert the name of any one except himself as grantee, it is voidable in the hands of a third person who knows the facts, even if it passed for value; provided that, if such third person be an innocent purchaser, such deed will be upheld.

3. **Evidence** examined, and *held* sufficient to support the finding and judgment appealed from.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*Hugh A. Myers,* for appellants.

*Carl E. Herring, contra.*

Heard before LETTON, GOOD and ROSE, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

The appellee, who was the plaintiff in the district court, declared on a covenant of warranty against incumbrances, and obtained judgment in full for the amount of his claim. The appellants bring the case here for review, asserting that the judgment of the court below (the cause was tried without jury) was not sustained by the evidence, was contrary to the evidence, and was contrary to law.

About the 29th day of December, 1919, appellants, who were defendants in the lower court, traded properties with one Barnhardt and conveyed to him a certain acreage by warranty deed in blank. It was agreed that Barnhardt was to pay the special city taxes on the property thus conveyed to him, but by inadvertence this agreement was omitted from the deed. In March following the said Barnhardt, representing himself to be an agent for the sale of said acreage, sold it upon a day's negotiation to the appellee, entering the latter's name as grantee in the described blank deed and delivering said deed to close the deal. The appellee testified with apparent candor and directness that he had no knowledge of any oral agreements as to taxes or otherwise between the appellants and Barnhardt; that he did not know that he was taking title by a deed made in blank; that he did not notice the date of the deed; and that he did not inquire as to who the grantors were. It appears that he depended on the abstract, except as to tax conditions, which at that time (shortly after the Omaha courthouse fire) were not being certified by the abstractors. He said that he had said abstract examined by his attorney, and upon favorable opinion paid his money and took his deed, observing only that it was a deed of warranty. There were special assessments for grading against the property.

In connection with the foregoing statement of facts, it

should be further said that the appellants insist that they gave the deed in blank, not only upon condition that Barnhardt should pay these special assessments, but also with the understanding that he was to insert his own name as grantee. However, this is not undisputed in the evidence. Though Barnhardt was not sworn as a witness, the appellants' own testimony contains enough to justify the trial court in finding to the contrary, and in finding as a matter of fact that the makers of the deed knew that Barnhardt was taking it in blank in order that it might be passed on to the customer to whom he might sell. It appears that a first deed was made by the appellants, in which Barnhardt duly appeared as the grantee, but that the latter did not want it so, and had the deed in blank made and delivered in its stead. It sounds simple to say that Barnhardt did not want a certain deed because his name appeared in it as grantee, but did want another deed precisely like it, except in blank, so that he might write himself in as grantee. If he wanted it in blank so that he could write in either himself or some one else as grantee, there would be some reason in asking as he did and some reason in acceding to his request. That was probably the way it was; for when the witness Howland (one of the appellants) was on the subject of the two deeds, and had explained that the deed finally given was a second one made in blank to take the place of a first regularly designating Barnhardt as the grantee, he testified as follows: "It was in the agreement in the first place that he was to assume the grading tax, or *whoever held the property.*" Undoubtedly "he" refers to Barnhardt. And just as certainly "whoever" refers to the person to whom Barnhardt might sell. This indicates a contemplation on the part of the appellants that the grantee of their deed might turn out to be a customer of Barnhardt, just as transpired. We repeat that the court might properly so have found. Where the evidence is sufficient to fairly support a finding of fact by a trial court the supreme court will not disturb such finding, even though it might have reached a different conclusion had the case been before it

in the first instance. Moreover, where one of two innocent parties must suffer because of the wrongful act of a third person, courts commonly hold that that one must bear the burden who placed it within the power of the third person to do the wrong. Putting it most favorably for the appellants, they turned over their blank deed to Barnhardt, carelessly omitting to specify therein that he was to pay the grading tax, and thereby enabled him to guilefully profit at their expense or at the expense of his customer.

An interesting question is whether or not the deed itself, antedating the sale by at least two months, was notice to appellee requiring him to ascertain from the appellants that Barnhardt had their authority to fill in his name as grantee, or to assume the burden of the reservation as to taxes above referred to. And that comes down, in analysis, to whether or not such a deed would convey any title. This question only becomes material upon the hypothesis that the appellants authorized Barnhardt to insert only his own name in the blank space left for the grantee, and that the court so found. The discussion of the parties is largely upon this point.

The English doctrine was, and is, that a deed of the kind which we are considering does not become the valid and subsisting deed of the grantor till the name of the grantee is inserted, and that an agent cannot insert the grantee's name in the absence of the grantor unless thereunto authorized in writing. Some of the states have applied this rule in cases where fraud is involved, as Alabama, Georgia, Texas, Illinois, and California. *Upton v. Archer,* 41 Cal. 85, and *Barden v. Grace,* 167 Ala. 453, are cases in point.

. Many states, less inclined to the English doctrine, hold that where the name of the grantee is written in by a person who has neither written nor oral authority so to do, or where the deed is completed by such person in a manner contrary to the directions of the grantor, the deed will be held invalid as to any person advised as to the facts. *Thummel v. Holden,* 149 Mo. 677; *Westlake v. Dunn,* 184 Mass. 260; *Whitaker v. Miller,* 83 Ill. 381. Yet it is doubtful that the

courts of any of these jurisdictions would deny validity of such a conveyance for value to A. solely upon the ground that the agent to whom it was delivered was instructed by the grantor to insert the name of B. as grantee. Certainly none would, we think, without requiring a return to A. of the valuable consideration paid by him. *Guthrie v. Field,* 85 Kan. 58. 37 L. R. A. n. s. 326. The rule which seems most wise and just is that, if a deed in blank be delivered to a certain person without authority to insert the name of any one except himself as grantee, it is voidable in the hands of a third person who knows the facts, even if it passed for value; provided that if such third person be an innocent purchaser such deed will be upheld.

Measured by either provision of the rule, it is plain that appellants are in no position to escape the judgment entered by the district court. Construing the evidence favorably to the appellee, because of the equities involved, we incline to the opinion, as the trial court doubtless did, that said appellee was an innocent purchaser. But, if the contrary be true, it remains undisputed that he gave full value for the land, and the appellants are in no better position so far as the present controversy is concerned. For, even if the deed was voidable, they did not offer to return the purchase money paid by the appellee, or otherwise attempt to void the deed.

Because of this and because of the views before expressed in this opinion, the judgment appealed from is

AFFIRMED.