H. J. ENGELKING v. FIRST STATE BANK OF NORTHOME AND OTHERS.[1]

June 11, 1926.

No. 25,295.

**Administrator not able to maintain suit to declare deed a mortgage.**

To procure a loan from a bank, the owner of land transferred the title to his mother, who mortgaged the land to the bank for her son's benefit. As part of the transaction, she reconveyed the land by a deed in which no grantee was named, and gave the deed to her son. Ten days later he wrote in the name of a grantee, to whom he delivered the deed. *Held* that the circumstances warranted the finding that the insertion of the grantee's name by the son was authorized by the mother, and that whether the grantee took the deed as a mortgage or as an absolute conveyance is a question in which the mother had

[1]Reported in 209 N. W. 307.

no interest, hence her administrator cannot maintain this suit to have the deed declared a mortgage.

Deeds, 18 C. J. p. 176 n. 50, 52, 53; p. 436 n. 36.
Mortgages, 27 Cyc. p. 1030 n. 67.

See note in 32 A. L. R. 737.
See note in 38 L. R. A. (N. S.) 423; 8 R. C. L. p. 956; 2 R. C. L. Supp. p. 697; 5 R. C. L. Supp. p. 490.

Action in the district court for Koochiching county to have a deed declared a mortgage and the amount due thereon ascertained. The case was tried before McClenahan, J., who ordered judgment in favor of defendants. Plaintiff appealed from the judgment. Affirmed.

*Frank Palmer* and *H. H. Palmer*, for appellant.

*W. V. Kane*, for respondents.

LEES, C.

This action was brought to have a deed declared a mortgage and the amount due thereon ascertained by applying upon the debt the rents and profits which had been received by the alleged mortgagee.

The material facts as found by the trial court are as follows: On November 29, 1915, Martin C. Engelking was the owner of a house and lot in Northome in Koochiching county. He was the cashier of the defendant bank. John E. Cowan was the vice president of the bank and the secretary of the defendant company, which owned most of the capital stock of the bank. Engelking applied to the bank for a loan of $600, but it was refused because he had already borrowed all that the law permitted the bank to loan to a person in his situation. To circumvent the law, he and Cowan agreed that a deed of the house and lot should be given by Engelking to his mother and that she should then give her note for $600 to the bank, secured by a mortgage covering the property. This agreement was carried out on November 29, 1915, when the bank gave Engelking credit for the amount of the loan. At the same time and as part of the same transaction Mrs. Engelking signed and acknowledged a deed of the property, complete in all respects except for the omis-

sion of the name of the grantee and gave it to her son. About 10 days later, pursuant to some arrangement with the company the details of which are not shown, he inserted its name as grantee in the deed and made delivery to the company, which took possession of the property and retained it until the year 1923, when it conveyed to the bank. 'Mrs. Engelking never had any beneficial interest in the property unless she acquired it under equitable rules to protect her against the obligation she assumed when she executed the mortgage note. When she gave the deed to her son both he and she intended that he should insert therein the name of a grantee of his own selection. The indebtedness evidenced by the note and mortgage has never been paid. On the day when the deeds, note and mortgage were signed, Cowan, as secretary of the company, signed a letter addressed to Engelking, stating that the deed from his mother was held by the company as additional security with the mortgage; that upon payment of the mortgage the company would deed the property to him, and that he was to have possession in the meantime and pay all taxes.

Upon this state of facts the court held that Engelking remained the actual owner of the property notwithstanding the deed to his mother; that the deed was made for the sole purpose of enabling him to procure the loan from the bank; and that under the circumstances he had authority to insert the company's name as grantee in the deed executed by his mother.

The finding that Engelking had such authority is well supported by the evidence. Indeed, a finding to the contrary could hardly be sustained. The finding virtually disposes of the case.

The law is well settled. A deed, complete in all respects save that a blank is left for the insertion of the name of the grantee, is a nullity until the blank is lawfully filled. If, however, the person to whom the grantor delivers the deed has authority to insert the name of a grantee, the deed becomes operative as a conveyance, without being re-executed or re-acknowledged, as soon as a grantee's name is inserted therein. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L. R. A. (N. S.) 637; Schauble v. Hedding, 138

Minn. 187, 164 N. W. 808; Hedding v. Schauble, 146 Minn. 95, 177 N. W. 1019; Johnson v. Rost, 164 Minn. 154, 204 N. W. 642; Fisher v. Heller, 166 Minn. 190, 207 N. W. 498; and such is the rule in most jurisdictions. See note to Gilmore v. Shearer, 32 A. L. R. 737.

When Engelking filled the blank in the deed and made delivery, the company either acquired the title in fee subject to the bank's mortgage, or it obtained a second mortgage on the property. Whether the deed was absolute or only a mortgage depends upon the nature of the transactions between the company and Engelking, which are not disclosed by the evidence. It may be that as between them the deed was in fact a mortgage, but that is something in which Mrs. Engelking had no interest, and consequently the administrator of her estate cannot maintain this action.

Judgment affirmed.