# NELS NORBY v. SECURITY STATE BANK OF ELLENDALE AND ANOTHER.[1]

April 5, 1929.

No. 27,204.

[1]Reported in 224 N. W. 843.

128

*Leach & Leach,* for appellant.
*Moonan & Moonan,* for respondent.

TAYLOR, C.

Defendant Galloway was cashier of defendant bank. The action was dismissed as against the bank, and the term defendant as used hereafter will designate defendant Galloway. In 1924 plaintiff was the owner of 80 acres of land in Steele county subject to a mortgage of $5,600 then due. He was a depositor in the bank and consulted with defendant concerning his business affairs and the matter of selling the land or procuring a new loan to take up the mortgage. In June, 1924, he was committed to the state prison at Stillwater for a term of two years. Shortly thereafter he received a letter from defendant saying that defendant thought he could sell the land for $90 an acre. A little later, at defendant's instance, he executed a deed of the land in proper form, except that no name was inserted as grantee therein, and sent it to defendant to enable him to make the sale. Defendant inserted his own name in the deed as grantee and on August 27, 1924, placed it on record. Thereafter the holder of the mortgage foreclosed it and at the sale held on October 16, 1924, bid in the land for the sum of $5,700. On October 26, 1925, ten days after the expiration of the period for redemption, defendant obtained a quitclaim deed from the purchaser at the sale and gave back a mortgage on the land for the amount for which it had been bid in and the interest thereon. Defendant did not inform plaintiff of any of these matters or transactions, and plaintiff did not learn of them until after his discharge from prison in June, 1926. Thereafter he brought this action for damages and

obtained a verdict for the difference between the amount for which the land was sold at the foreclosure sale and its value as found by the jury. Defendant appealed from an order denying a new trial.

Defendant contends that the deed was absolutely void and a nullity for the reason that a deed which contains no grantee is void until the name of the grantee is lawfully inserted, and that he, being the agent of plaintiff to sell the land, could not lawfully insert his own name as grantee; and further contends that the deed being a nullity plaintiff was not injured by it and therefore is not entitled to recover notwithstanding the fraudulent acts of defendant.

Defendant also contends that the court in its instructions to the jury did not point out with sufficient definiteness and certainty what must be proved to establish the fraud charged.

The charge was in rather general terms and might well have stated the particular issues more specifically; but no requests for instructions were made, and no exceptions to the charge were taken at the trial. Having failed to ask for more specific instructions, defendant is not in position to claim error in failing to give them.

By executing the deed with a blank space for the name of the grantee and delivering it to defendant in that form to enable defendant to sell the land as plaintiff's agent, plaintiff impliedly authorized him to insert the name of the purchaser as grantee therein. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L.R.A. (N.S.) 637; Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808; Engelking v. First State Bank, 167 Minn. 486, 209 N. W. 307.

"An agent to sell cannot purchase of himself without his principal's consent, and, if he does, the principal may repudiate; and if the property has passed into the hands of an innocent purchaser, from whom it cannot be recovered, the principal is entitled to the proceeds or their value." Smitz v. Leopold, 51 Minn. 455, 459, 53 N. W. 719.

A sale by the agent to himself is voidable, and may be avoided or ratified by the principal at his election. Tilleny v. Wolverton, 46 Minn. 256, 48 N. W. 908.

"When an agent * * * sells the property to himself * * * the principal upon discovery of the fact has the election to accept the situation, ratify the sale and seek to recover his damages, or he may repudiate the transaction and seek to be placed in statu quo." Tatsuno v. Kasai, —— Utah ——, 259 P. 318, 321.

As supporting the same principle see Greer v. Craig, 165 Ark. 209, 263 S. W. 400; George N. Pierce Co. v. Beers, 190 Mass. 199, 76 N. E. 603; Wilkins v. Tourtellott, 28 Kan. 825; Taylor v. Adams, 89 Kan. 716, 132 P. 1002; Roy Realty Co. v. Burkhardt, 146 Miss. 270, 111 So. 289; Garland v. Wells, 15 Neb. 298, 18 N. W. 132; Edgington v. Howland, 111 Neb. 171, 195 N. W. 934; Christianson v. Mille Lacs L. & L. Co. 113 Minn. 120, 129 N. W. 150, 31 L.R.A. (N.S.) 536, Ann. Cas. 1912A, 200; Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808.

By inserting his own name in the deed and placing it on record defendant made a sale to himself in violation of his duty to his principal. He argues that as the deed was a nullity until the name of a grantee was inserted therein and as he could not lawfully insert his own name as such grantee, the deed is still a nullity and cannot be treated as passing title to him. If his principal sees fit to recognize the deed as conveying title and to seek his remedy in damages, defendant cannot escape liability on the ground that his act in inserting his own name in the deed was unlawful. He will not be heard to assert as a defense that his own fraudulent conduct rendered the deed void.

Defendant insists that plaintiff could not ratify the transaction for the reason that the foreclosure of the mortgage divested him of whatever interest he may have had in the land. It is the general rule that a principal may ratify any act of his agent which he could rightfully have authorized the agent to perform at the time the agent performed it. This rule is subject to the exception that the principal cannot ratify an act after such a change in his relation to the subject matter that it is impossible for the act to have the effect intended at the time it was performed. Defendant cites several authorities which apply this rule. We are of opinion that

the present case falls within the general rule and not within this exception.

The deed was delivered to defendant to enable him to sell the land and pay the mortgage out of the proceeds. Instead of doing so, he inserted his own name in the deed as grantee and placed it on record and thereafter claimed and obtained the rentals which accrued during the year allowed for redemption from the foreclosure sale. He apparently remained passive while the mortgage was being foreclosed and during the year for redemption, and then procured a deed from the holder of the sheriff's certificate under which he claims absolute title to the land as against plaintiff. He never informed plaintiff of any of these transactions. He did not inform plaintiff that he had not made the proposed sale, nor taken care of the mortgage, nor of the foreclosure; and plaintiff knew nothing of any of these matters until after he returned home and was informed by defendant that defendant was the owner of the land under the foreclosure sale and that plaintiff had no interest therein. After delivering the deed to defendant, plaintiff did nothing to prevent it from having full effect, and it had all the effect which defendant could have intended it to have. He acquired and held the record title for more than a year and until it was divested by foreclosure of the very mortgage to provide means for the payment of which plaintiff had intrusted him with the deed. As said by the Massachusetts court [190 Mass. 205]:

"It would be a reproach to the law if it could afford no remedy for such misconduct."

We think that plaintiff had the right to accept the situation created by defendant and to seek his remedy in damages; and that the court adopted the correct rule for the measure of such damages. Greenfield Sav. Bank v. Simons, 133 Mass. 415; 3 Dunnell, Minn. Dig. (2 ed.) § 3841.

The order is affirmed.