CALVIN TOWNSEND *vs.* PETER H. FENTON.

December 2, 1884.

Oral Contract to Convey Land—Payment of Purchase-Money not Part-Performance.—Payment of the purchase-money is not alone such part-performance of an oral agreement to convey land as will take the case out of the operation of the statute of frauds.

Same—Insolvency of Vendor.—The inability of the vendor to repay the money by reason of his insolvency does not alter this rule, and it is immaterial whether this insolvency existed at the time of making the agreement, or occurred subsequently.

After the decision of this court (30 Minn. 528) holding the complaint insufficient, the cause was remanded to the district court for Murray county, and plaintiff served an amended complaint, in substance as follows: The defendant is owner in fee of a described quarter-section of land. On January 20, 1881, the defendant was indebted to one Darms in a sum exceeding $1,866.70, and on that day, for part of the debt, executed and delivered to Darms his promissory note payable two years thereafter, with interest at 10 per cent. On November 30, 1881, plaintiff, defendant and Darms made an oral agreement to the following effect: Darms agreed to pay defendant $100 for entering into the agreement, and paid him $65 on account, and at plaintiff's request and for his account, sold and transferred the above described note, without recourse, to J. C. Townsend, plaintiff's son, and also released defendant from the residue of the debt and from all demands of Darms against him. In consideration of which, the defendant agreed that as soon as he should make final proof of his claim to the land, (which he had entered under the homestead laws of the United States,) and on surrender to him of his note, he would convey the land in fee-simple to the plaintiff. And in consideration of the premises the plaintiff paid Darms the face of the note and interest, and accepted the transfer without recourse, and agreed that on conveyance of the land he would deliver the note to the defendant.

At the time of this contract, the defendant was, and was known

by Darms and plaintiff to be insolvent, and plaintiff was induced to make the agreement, accept the transfer without recourse, and make the payment to Darms, relying on the defendant's promise to pay the note by a conveyance of the land, and would not otherwise have taken the note or made the payment. The land is not worth more than $1,200; the defendant is still insolvent; the land, being a United States homestead, is not liable for payment of a judgment on the note, and the plaintiff is remediless unless the contract be specifically enforced.

On March 8, 1882, the defendant made final proof of his homestead claim to the land, and by promising plaintiff to perform his agreement to convey, induced plaintiff to advance, and plaintiff did advance to him $20 for the sole purpose of enabling him to pay the expenses attending his final proof, and which he used for that purpose.

The complaint contains proper averments of tender and offer, and continued readiness to perform on plaintiff's part.

The defendant answered, pleading, among other things, the statute of frauds, and the plaintiff demurred to the answer as not constituting a defence. The demurrer was overruled by *Severance*, J., on the ground that the complaint did not state a cause of action. The plaintiff appealed.

*Edward Savage*, for appellant.

*Emory Clark*, for respondent.

MITCHELL, J. This court having, on a former appeal in this case, (30 Minn. 528,) held that the complaint was bad for the reason that it did not show a part-performance of the oral agreement to convey land, declared on, such as would take it out of the operation of the statute of frauds, the plaintiff amended, and the case now presents the question of the sufficiency of the amended complaint. The most important amendment is the allegation that defendant was insolvent at the time of making the oral agreement, which fact was known to plaintiff, and hence that he would not have accepted the transfer of the note against defendant, and paid the money to Darms, but for defendant's promise to convey; further, that defendant is still insolvent. We have already decided, in accordance with the unbroken

current of modern authorities, that the mere payment of purchase-money is not such part-performance as will take the case out of the statute. We have carefully examined numerous authorities, and can find none that hold, or even suggest, that this rule is at all changed or affected by the fact that the vendor is insolvent. It may be difficult, on principle, to distinguish such a state of facts from some which courts have held sufficient to take the case out of the statute, but it is our well-settled conviction that courts have gone quite as far in excepting oral contracts from the operation of the statute of frauds as a sound and wise policy will warrant, and that what is left of that statute ought to stand, unless the legislature sees fit to wipe it out entirely.

Plaintiff, indeed, concedes that insolvency of the vendor occurring after the making of the contract would not, under the authorities, take the case out of the statute, but claims a different rule should be applied when the insolvency existed *at the time the contract was made,* because, under such circumstances, presumably, the vendor would not have paid the money except in reliance on the promise to convey. We can find no authority, and are referred to none, which even suggests any such distinction. We cannot see any difference whether the inability of the vendor to repay the money results from insolvency existing at the date of the contract, or occurring subsequently. In either case the practical wrong to the vendee is the same. Nothing is part-performance which does not put the party into a situation that is a fraud upon him unless the agreement is performed. *Clinan* v. *Cooke,* 1 Scho. & Lef. 22. But the "fraud" on which courts of equity go in cases of part-performance is not fraud merely of that nature which may be said to exist in every case of refusal to fulfil an agreement, but that sort of fraud "cognizable in equity only." *O'Her-lihy* v. *Hedges,* 1 Scho. & Lef. 123, 130; *Ham* v. *Goodrich,* 33 N. H. 32. Therefore, the courts have held that the inability of the vendor to repay the money by reason of his insolvency does not in that respect alter the relation of the parties, so as to modify the rule, because, there being nothing intrinsically fraudulent in the transaction, this circumstance is not a sufficient ground for imputing to the vendor the *wrongful intent, which alone furnishes an occasion for the interfer-*

*ence of equity to enforce verbal agreements.* Pomeroy on Contracts, 161.

Counsel further urges that by the oral agreement this land was to be conveyed as soon as defendant acquired title, without regard to the maturity of the note; that defendant in fact acquired title and refused to convey before the note matured, and therefore the plaintiff, at that time, was without remedy at law, for the reasons— *First*, that he could not sue on the note, because it was not due; and, *second*, that he could not sue defendant to recover the money paid to Darms, because it was not paid on account of defendant, but on plaintiff's own account in purchasing the note. We are not prepared to concede that, under the terms of this tripartite agreement, when defendant refused to convey, plaintiff might not, at his election, instead of waiting for the note to mature and suing on that, have immediately sued defendant to recover the amount paid Darms as money paid at his instance and for his benefit. But, even if his only remedy was to sue on the note, we do not see how the fact that it was not yet due alters the case. He was not, within the meaning of the authorities, without a remedy because he might have to wait till the note matured before bringing an action. Regarding the other amendments we simply remark that we have examined them all, but do not think that, either singly or collectively, they aid the original pleading.

Order affirmed.