## J. O. WERNTZ v. R. J. BOLEN AND OTHERS.[1]

### January 26, 1917.

### Nos. 20,104—(209).

**Conveyance — assignment of school land certificate.**

    1. The holder of school land certificates is the owner of the equitable title to the land, and assignments of such certificates are conveyances of real estate within the statutory definition thereof.

**Same — assignment in blank null.**

    2. An assignment of such certificates in blank as to grantee, is a nullity until the name of the grantee is inserted therein.

**Contract from stranger to title conveys no interest.**

    3. As plaintiff's only claim to the land is based upon a contract from one who never had any interest therein, he acquired no interest in the land, and cannot maintain an action to be adjudged the equitable owner thereof.

[1]Reported in 161 N. W. 155.

**Cause of action not assigned to plaintiff.**

    4. The court correctly awarded plaintiff damages against his vendor. The cause of action for breach of contract to furnish title, which such vendor may have against a third party, not having been transferred to the plaintiff, he is not entitled to judgment against such third party.

    Action in the district court for Aitkin county to decree that plaintiff was the owner of certain land and that defendant Shepard held the title thereto in trust for him, for an accounting of the amount due the state upon certain land contracts, and in case specific performance could not be enforced to recover $1,280 damages. The facts are stated in the opinion. The case was tried before Stanton, J., who made findings and ordered judgment dismissing the action as to defendants Bolen and Shepard, and ordered judgment in favor of plaintiff and against defendant Wilson for $1,300. Plaintiff's motion for amended findings was denied. From an order denying their motion for a new trial, plaintiff and defendants Macbeth and Wilson appealed. Affirmed.

    *Edgerton & Dohs* and *Harvey O. Sargeant,* for appellants.

    *J. C. Hessian,* for respondents.

TAYLOR, C.

    In 1902, a quarter section of school land, in Aitkin county, was sold by the state to T. S. Campbell, who paid 15 per cent of the purchase price and received the usual certificates entitling him, or his assigns, to a patent for the land on payment of the remainder of the purchase price. Separate certificates were issued for each 40-acre tract. In 1910, Campbell transferred the certificates to Anna P. Apitz, by assignments indorsed thereon. In 1912, C. J. Macbeth and J. H. Macbeth made an oral agreement to purchase the certificates from Anna P. Apitz, and paid her the purchase price. For the purpose of transferring the certificates to them, Mrs. Apitz and her husband executed assignments thereof, in which the name of the grantee was left blank, and delivered these blank assignments together with the certificates to J. H. Macbeth.

    Some time prior to June 11, 1913, negotiations were initiated between defendant Bolen and J. H. Macbeth for the purchase of the land by Bolen. These negotiations were conducted by letters and telegrams in

which J. H. Macbeth stated that he owned the land and would sell it to Bolen for $12.50 per acre. In the early part of August, Bolen accepted the offer, and J. H. Macbeth, through a bank in Mankato, sent the certificates with the assignments in blank from Mrs. Apitz, to a bank at Aitkin with instructions to deliver them to Bolen on payment of $1,184, the amount of the purchase price over and above the balance due the state. Bolen paid this amount on August 13, 1913, and thereafter inserted his own name as grantee in the assignments from Mrs. Apitz, and on August 20, 1913, caused the certificates and assignments to be recorded in the office of the register of deeds. Shortly thereafter he sold the land to defendant Shepard and assigned the certificates to Shepard.

On April 11, 1913, and while the certificates were in the possession of J. H. Macbeth, C. J Macbeth made a written contract with defendant Wilson in which he recited that he was the owner of the certificates, and by which he agreed to convey the land to Wilson by warranty deed for the sum of $1,600, payable $500 at the date of the contract and $1,100 on or before three years from that date. The contract also gave Wilson the option to have the certificates assigned to him on paying all of the purchase price except the amount due the state. On August 4, 1913, Wilson made a written contract with plaintiff which, except as to the names of the vendor and vendee, is of the same tenor as the contract which he had received from C. J. Macbeth, but it made no reference to the contract with Macbeth. Plaintiff recorded his contract from Wilson on August 19, 1913. No other instruments relating to the land were then of record, as Bolen did not record the certificates and the assignments thereof until the next day.

Plaintiff brought this action to have the court adjudge that he is the owner of the certificates and of the land described therein as against defendants; to have the certificates transferred to him by defendant Shepard; and, if this cannot be done, to recover the sum of $1,280 as damages. The trial court held that plaintiff is not entitled to any interest in the land as against defendants Bolen and Shepard, but is entitled to recover damages from his vendor, defendant Wilson, and di-

rected that judgment be entered dismissing the action as to defendants
Bolen and Shepard, but for the sum of $1,300 and interest against de-
fendant Wilson.

The holder of school land certificates is the owner of the equitable
title to the land. Wilder v. Haughey, 21 Minn. 101. Assignments of
such certificates are conveyances of real estate within the statutory defin-
ition thereof. G. S. 1913, § 6813. The assignments executed by Mrs.
Apitz did not become operative as conveyances, and no interest in the
land vested thereunder, until the name of the grantee was lawfully in-
serted therein; and, as the name of neither J. H. Macbeth nor C. J.
Macbeth was ever inserted therein, no interest in the land ever vested in
either of them. Board of Education of Minneapolis v. Hughes, 118
Minn. 404, 136 N. W. 1095, 41 L.R.A. (N.S.) 637. Under the rule
announced in the case cited, the Macbeths had authority to insert their
names as grantees, but did not do so, and the assignments remained in-
effective and nullities until Bolen inserted his name as grantee therein,
after they had been delivered to him. Whether Bolen had authority
to insert his name as grantee is not involved herein. Mrs. Apitz does
not question such authority, and plaintiff is not in position to do so.

As no interest in the land ever vested in C. J. Macbeth, his contract
with defendant Wilson conveyed no interest therein to Wilson, and Wil-
son's contract with plaintiff conveyed no interest therein to plaintiff.
Plaintiff fails to connect himself with either the legal or equitable title by
any written instrument, or chain of written instruments, and conse-
quently stands in no better position, as against defendants Bolen and
Shepard, than a purchaser who claims under an oral contract. An oral
contract for the purchase of an interest in land is within the statute of
frauds and void. G. S. 1913, § 7003. The payment of the purchase
price does not avoid the statute, nor authorize the court to give effect to
the contract. Townsend v. Fenton, 32 Minn. 482, 21 N. W. 726. Plain-
tiff has made no improvements upon the land, is not in possession of it,
and has done nothing in performance of the contract except to pay the
purchase price, or a part thereof, to defendant Wilson. He has no in-
terest in the land, and the courts can give him no relief as against de-
fendants Bolen and Shepard. The court awarded him damages against
his vendor, defendant Wilson; and, as Wilson did not appeal, the amount

so awarded him is not in question here. He claims that he is also entitled to judgment against C. J. Macbeth, but he has no contract with Macbeth, has paid no money to Macbeth, and has no assignment of the contract made by Macbeth, nor of any cause of action arising thereunder. Our conclusion is that the trial court determined the cause correctly, and the order appealed from is affirmed.