JULIA B. JOHNSON v. JAMES ROST AND OTHERS.[1]

July 10, 1925.

No. 24,076.

**Name of grantee inserted in blank left in deed with authority of grantor.**
1. The blank space for the name of the grantee in a deed may be filled in the lifetime of the grantor under his parol authority, and when so filled the deed is a legal conveyance. The evidence sustains the finding that the name of the grantee in the deed involved in this action was inserted with the authority of the plaintiff.

**Description of land by metes and bounds, after survey, properly inserted in blank left in deed.**
2. A deed designated as the subject of the conveyance an acre of land, "more particularly described as follows", upon a point of land extending into a meandered lake in a designated lot, section, township and range. No further description was inserted at the time. *Held* that, if the parties so contemplated, a description by metes and bounds, if the boundaries were defined and understood by them, might be inserted later, upon a survey being made, and when so inserted the deed would be a legal conveyance.

**Evidence insufficient to designate land in question.**
3. Upon a consideration of the evidence it is *held* that the acre

[1]Reported in 204 N. W. 642.

of land surveyed, described by metes and bounds, and inserted in the deed, is not sufficiently established as the acre intended by the parties.

1. See Deeds, 18 C. J. pp. 176, § 57, 177, § 57, 436, § 534.
2. See Deeds, 18 C. J. p. 187, § 71.
3. See Deeds, 18 C. J. p. 436, § 534.

1. See note in 38 L. R. A. (N. S.) 326, 423; 8 R. C. L. p. 956; 2 R. C. L. Supp. 697; 5 R. C. L. Supp. 490.
2. See note in L. R. A. 1918A, 1155; 8 R. C. L. 1071; 2 R. C. L. Supp. 715; 4 R. C. L. Supp. 588.

Action in the district court for Jackson county. The case was tried before Dean, J., who ordered judgment in favor of defendants. Plaintiff appealed. Reversed.

*Frank E. Dougherty* and *Allen & Allen*, for appellant.

*O. Thoreson*, for respondents.

DIBELL, J.

Action to set aside a deed made by the plaintiff. The blank space for the name of the grantee was not filled when signed by the plaintiff. Afterwards the name James Rost, Trustee, was inserted. The land conveyed was described as one acre extending into a lake, in a named lot, section, township and range, "more particularly described as follows;" but it was not described further when the plaintiff signed the deed. Afterwards a metes and bounds description was added. There was judgment for the defendants and the plaintiff appeals.

1. The rule in this state is that, if a deed is delivered with the space for the name of the grantee blank, with parol authority to fill in the name, and this is done during the lifetime of the grantor, there is an effective legal conveyance. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L. R. A. (N. S.) 637; Werntz v. Bolen, 135 Minn. 449, 161 N. W. 155; Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808. And see State v. Young, 23 Minn. 551; Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654. This is not universal doctrine. 2 Tiffany, Real Prop. (2d ed.) § 434; 3 Wash-

burn, Real Prop. (6th ed.) §§ 2090-2093; 5 Thompson, Real Prop. § 4415, et seq.; 8 R. C. L. 956, § 31. The court found that the name of Rost was inserted with the authority of the plaintiff, and the evidence sustains its finding. So far as concerns the name of the grantee, the deed was a legal conveyance.

2. Whether a description may be inserted under like authority, or added when it is necessary to state the metes and bounds to make the description complete, has not been decided in this state. The instances in which the question has arisen are relatively few. It was an exacting requirement of the common law that a deed be complete, including a description sufficient to identify the property intended to be conveyed, before the signing, sealing and delivery. "Every deed well made must be written; i. e. the agreement must be all written before the sealing and delivery of it, for if a man seal and deliver an empty piece of paper or parchment, albeit he do therewithal give commandment that an obligation or other matter shall be written in it, and this be done accordingly, yet this is no good deed." Sheppard's Touchstone, 54. The notion that a deed executed without a description, in which a description sufficient in form is afterwards inserted, under parol authority, is void as a legal conveyance persists, at least so far as to receive formal recognition, in modern cases. Barras v. Barras, 191 Mich. 473, 158 N. W. 192; Southern Pine Lbr. Co. v. Arnold (Tex. Civ. App.) 139 S. W. 917; Samuel v. Frederick (Mo.) 262 S. W. 713; Boyd Lbr. Co. v. Mills, 146 Cal. 794, 92 S. E. 534. A note to the last case in L. R. A. 1918A, 1154, collects and discusses the cases. And see 18 C. J. 188, § 77. In some of the cases cited the deed was sustained; and in none, where the deed was held invalid, were the facts similar to those before us.

The argument is made that a holding that the description in a deed may be inserted afterwards with the parol authority of the grantor and by it legal title passed amounts to a violation or evasion of the statute of frauds. The same argument is made relative to the insertion of the name of a grantee, and it was considered in Board of Education v. Hughes, supra, and other cases. There is

the question of the authority to execute or deliver a sealed instrument except by authority under seal, also considered in the Board of Education case; but under our statute and decisions it is not troublesome. Then there is the question of policy, and the consideration of the opportunity offered for the perpetration of fraud. A rule permitting the insertion of a description should be administered carefully. When so administered it is safe enough. Where, as here, the description is of an acre, "more particularly described as follows," in a designated lot, section, town and range, the description of the acre, by metes and bounds, may be inserted afterwards upon a survey being made, if that was the contemplation of the parties, and if the boundaries of the acre were defined and understood by them; and we now go to the particular facts shown in the record before us.

3. The deed was executed September 18, 1918. There is evidence that the parties agreed that an acre should be surveyed and its description inserted in the deed. An acre was surveyed on March 30, 1919, and the defendants added the metes and bounds description after the words "more particularly described as follows" in this language:

"Commencing at a point on the meandered line of Heron Lake * * * to the place of beginning, containing one acre, more or less, together with all riparian rights appertaining thereto, together with an easement for a right of way over lots one and two in said section 13, two rods wide, as appurtenant to said acre of ground so conveyed, described as follows: [description omitted in this opinion] with a perpetual right to use [of] the well on said premises (said lots 1 and 2) for water, and the perpetual right to take upon said premises (said lots 1 and 2) such firewood as may be necessary to the use of the grantee for heating purposes."

The added description was not called to the attention of the plaintiff, nor was the deed redelivered or assented to by her. There was no ratification and there is no estoppel.

The plaintiff owned the fee to low water mark, subject to the public right between high and low water mark. State v. Korrer, 127 Minn. 60, 148 N. W. 617, 1095, L. R. A. 1916C, 139, and cases cited. The acre surveyed was triangular. Two of its sides were meander lines. There is evidence that the government meander line was in places from 25 to 100 feet from the shore line. Between the meander line and the water there were trees. The meander line and the high water mark were not coincident. A meander line of the government survey under usual circumstances is not a line of boundary. Dun. Dig. §§ 1068-1069, and cases cited. It furnishes the basis for determining acreage. Usually there is an overrun in acreage to the advantage of the purchaser. The riparian owner may make the meander line a boundary line, and may divide the ownership as he wishes. Gridley v. N. P. Ry. Co. 111 Minn. 281, 126 N. W. 897, and cases cited; Stavanau v. Gray, 143 Minn. 1, 172 N. W. 885, and cases cited.

There is some evidence that there was talk about the meander line at the time, and that the acre was to be on the land side of the meander line. The words, "together with all riparian rights appertaining thereto," were intended by the defendants to carry title to the shore line. It added appreciably to the acreage. The use of the meander line as a boundary description, in the situation here, without reference to riparian rights, might suggest that land between the meander line and the shore was not a part of the acre. See Stavanau v. Gray, 143 Minn. 1, 172 N. W. 885. The defendants seem to concede that "meander line," as a term, meant nothing to the plaintiff for she did not understand; and as a matter of boundary or description it meant nothing to anyone until physically located along the lake; and that required the examination of the field notes, and a search for meander markings.

The particular acre intended by the parties is not definitely shown. The description, "one acre of land on the point extending into Heron Lake," is not on its face capable of location. A deed with such description conveys no specific land. Hodge v. Bennett, .78 Miss. 868, 29 South. 766, 84 Am. St. 652. One of the defendants'

witnesses says the acre was to be "on the extreme point of lot 2." That point was not definitely fixed, whether on the meander line, or high water mark, or low water mark. Nor were the courses or distances given. There were no lines from which the acre could be determined. From what was said by the parties, in their negotiations, a surveyor could not survey a particular acre. He would require further information. The parties may have intended an acre measured inland from the government meander line, or from the low water mark, or from the high water mark, and they described none of them. To make the description inserted in the deed effective it must have been intended by all—that upon which their minds met. The evidence does not show with the necessary definiteness the acre intended.

We do not consider particularly the easement for a right of way which covered an acre, or the right to take firewood and water from the well on the adjoining lands; though it may be said that the evidence as to the latter two is unsatisfactory. Nor is it necessary to discuss the claim of the plaintiff, against which the court found, on sufficient evidence, that the deed was not intended by the parties to be an actual conveyance, but was to be used to induce the plaintiff's tenant to desist from his claim of a right to purchase the land which included the acre. The dispute as to whether a consideration was received is not important. The defendants claim that the plaintiff accepted a check for one-half, which she did not use, and later refused a check for that remaining. She claims that she did not accept either.

It may be noted that this is not a case of alteration of a written instrument, resulting in its avoidance, as some of the argument goes. It is a case of the insertion of a description, to make that given complete, under the parol authority of the grantor.

Judgment reversed.