119 N.W.2d 478 (1963)
In the Matter of the ESTATE of Minnie GRAF, also known as Wilhelmina Graf, Deceased.
Irvin BUCK and Herbert Lundin, and to any other respondents not joining herein, Petitioners and Respondents,
v.
Stanley BUCK et al., Appellants.
No. 8047.
Supreme Court of North Dakota.
January 21, 1963.
*479 Mackenzie & Jungroth, Jamestown, for appellants.
Hjellum, Weiss, Nerison & Ottmar, Jamestown, for petitioners and respondents.
STRUTZ, Judge.
This is an appeal in a will contest case. It involves primarily the construction of Subsection 1 of Section 31-01-06, North Dakota Century Code, which provides that communications between a client and his attorney are privileged. The appellants also raise the question of the correctness of the trial court's ruling in sustaining an objection to testimony relative to statements made by the testatrix, Minnie Graf, several years prior to the execution of the will in question, as to what disposition she intended to make of her property.
The testatrix was an elderly woman. Most of her conversations were carried on in the German language, although she occasionally spoke in somewhat imperfect English, especially when she was out in public. She preferred to use German, however.
In November of 1957, the testatrix, together with the petitioner Irvin Buck, her nephew, went to the law office of August Doerr in Napoleon, North Dakota, for the purpose of having a contract drawn under the terms of which she was selling some real estate to her nephew. After the contract for deed had been prepared, the testatrix discussed with the attorney the matter of drawing a will, which the attorney had suggested on one of her previous visits to his office. Nothing definite was decided, and she left the law office after considerable discussion. Either the next day, or three days later, depending upon whether the appellants' or the respondents' testimony is to be believed, the testatrix, with the petitioner Irvin Buck, drove to Watford City, about 300 miles distant, where she had a will prepared and executed in another attorney's office. Watford City was the home of a niece who is the wife of the second respondent on this appeal. After its execution, the will was left in the custody of the testatrix.
Mrs. Graf died on March 24, 1961, more than three years after the making of the will. The appellants objected to its probate *480 and contested the will on the ground that it had been drawn while testatrix was under undue influence. This contest was tried before the Honorable Paul M. Paulsen, county judge of Cass County, who was called into the case by the Honorable T. E. George, county judge of Stutsman County, who deemed himself disqualified. Judge Paulsen denied the petition for probate of the will and an appeal was thereupon taken to the district court of Stutsman County from his decision. In the trial before a jury in the district court, a verdict was returned in favor of the petitioners. The jury, by its verdict, found that the testatrix was not, at the time of the execution of the will, under undue influence and that the will was entitled to probate.
From the judgment entered on this verdict and from an order denying a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, this appeal is taken.
Two main issues are presented on this appeal:
1. Did the court err in sustaining an objection to the testimony relative to statements made by the testatrix several years prior to the execution of the will, as to what disposition she intended to make of her property; and
2. Were communications made by the testatrix to her attorney, relative to the matter of drawing a will, confidential as communications between client and attorney?
Generally, whether evidence offered in an action should be admitted or whether it should be excluded, on the ground of remoteness, rests largely in the discretion of the trial court. Kemmer v. Sunshine Mutual Insurance Co., 79 N.D. 518, 57 N.W. 2d 856; Gravseth v. Farmers Union Oil Co. of Minot (N.D.), 108 N.W.2d 785; Lake v. Neubauer (N.D.), 87 N.W.2d 888.
The testimony which the trial court held inadmissible related to statements which purportedly had been made by the testatrix several years prior to the execution of the will. We believe the Court properly excluded this testimony on the ground of remoteness.
The next question raised on this appeal presents a far more difficult problem. Our laws provide that communications by a client with his attorney are privileged. Sec. 31-01-06, Subsec. 1, N.D.C.C. This rule applies not only to communications had with an attorney which result in the drawing of a will but also applies with equal force to communications between attorney and client with reference to an unexecuted will. 58 Am.Jur., "Communications Respecting Wills," Sec. 505, p. 283. The mere fact that the attorney did not draw the will about which he was consulted would not make the information given to him by the client any less privileged. This view has been adopted by the Supreme Court of Iowa, in the case of In re Lathrop's Estate, 190 Iowa 684, 180 N.W. 737, in which the Iowa court held that where a beneficiary under the will consulted an attorney with a view of retaining him, although the employment was not consummated, any admissions which had been made by the beneficiary touching upon his relations with the testatrix could not be testified to by such attorney on a subsequent contest of the will.
The privilege of the attorney-client relationship is grounded upon the necessity of providing for every client a freedom from any apprehension in discussing the most personal matters with his attorney. The mere fact that no actual employment results from such consultation will not affect the privileged nature of the communication. Neither will the fact that no retainer is paid and nothing comes of the matter make the communications any the less privileged. Mack v. Sharp, 138 Mich. 448, 101 N.W. 631, 5 Ann.Cas. 109.
Thus statements made to an attorney who is consulted by a client as to his rights *481 are privileged, even though no fee is paid or promised and even though the attorney refuses to act in the matter. Devich v. Dick, 177 Mich. 173, 143 N.W. 56. And it has been held, where a person calls on an attorney for professional advice as to the making of a will and the attorney gives him such advice, as was true in the case before us, that it will be presumed an attorney-client relationship existed, especially where the attorney previously represented the client, as was true in this case. In re Mangan's Will, 185 Wis. 328, 200 N.W. 386.
There are, however, certain exceptions to the general rule that communications between attorneys and clients are privileged. The recognition of a privilege does not mean that there are no exceptions to it. One such exception adopted by many of the courts is that such communications lose their confidential character after the death of the client and that such communications can be shown in litigation between parties, all of whom claim under the client. Thus, where the controversy is to determine who shall acquire the property of the deceased, and where all parties claim under him,
"* * * neither can set up a claim of privilege against the other with respect to the communications of deceased with his attorney." 97 C.J.S. Witnesses § 292 at p. 823.
The courts which adopt this view do so on the theory that, in a controversy not adverse to the estate, between heirs at law, next of kin, devisees, legatees, and personal representatives, the claim that the communication was privileged cannot be heard. In such case, the interest of the deceased as well as that of the estate is that the truth be ascertained. Winters v. Winters, 102 Iowa 53, 71 N.W. 184.
California has held that the attorney-client privilege does not survive the client's death when the matter of his conversations or communications arises in will contests or in any other type of controversy involving only the heirs or next of kin, and the legatees or devisees of the client. Paley v. Superior Court, 137 Cal.App.2d 450, 290 P. 2d 617 at 621. To the same effect, see also Bergsvik v. Bergsvik, 205 Or. 670, 291 P.2d 724 at 730, 731; In re Brzowsky's Estate, 267 Wis. 510, 66 N.W.2d 145, 67 N.W.2d 384.
Thus these courts hold that the confidential nature of communications between attorney and client is not recognized, and this privilege no longer is applicable, in litigation which occurs after the client's death, which litigation is between parties, all of whom claim under the client. Where the litigation is to determine who shall take the property of the deceased and all parties claim under the client, neither party to the litigation can claim that such communications are privileged. Between persons claiming under the deceased client and others who are not heirs, next of kin, legatees, or devisees of the testator, the privilege still would survive.
The reason for this exception to the general rule of holding communications between attorney and client as privileged, is sound. In controversies between heirs at law, devisees, legatees, or next of kin of the client, such communications should not be held as privileged because, in such case, the proceedings are not adverse to the estate. The interest of the estate as well as the interest of the deceased client demand that the truth be determined.
The testimony of Attorney Doerr, which was excluded from consideration of the jury by the trial court in this case, therefore is proper evidence and should have been admitted. The exclusion of this evidence was prejudicial error, and the judgment is reversed and a new trial is granted.
MORRIS, C. J., and TEIGEN and BURKE, JJ., concur.
ERICKSTAD, J., did not participate.