IN THE MATTER OF THE ESTATE OF FRANCES C. CROOK, DECEASED.

Essex County Court
Probate Division

Decided March 29, 1965.

*Mr. David B. Wasserman* for plaintiff Dr. Thomas O. Maxfield, Jr. (*Messrs. Haskins, Robottom & Hack,* attorneys).

*Mr. Dickinson R. Debevoise* for defendants Carolyn Blair, Jean K. Clements, Lowel Cooper, Nathaniel C. Kendrick (*Messrs. Riker, Danzig, Scherer & Brown,* attorneys).

CAMARATA, J. C. C. Defendants Carolyn Blair, Jean K. Clements, Lowel Cooper and Nathaniel C. Kendrick obtained an order to show cause to set aside the probate of the will of Frances C. Crook, dated June 20, 1964. The decedent was 84 years old at the time she died on October 21, 1964.

Defendant contends that:

(a) On July 24, 1961 decedent executed a will prepared by her then attorney, William H. Campbell, Jr.

(b) In the 1961 will, amongst other bequests, was $1,000 to her doctor, Dr. Thomas O. Maxfield, Jr.

(c) The remainder of the estate was bequeathed to various individuals and charities, including defendants. Mr. Campbell and the Maplewood Bank were named as executors.

212

(d) On June 20, 1964 (four months before decedent's death) she executed a new will containing a number of specific bequests, changing, amongst others, the interest of defendants as it appeared in the 1961 will.

(e) Under the second will the bequest to Dr. Maxfield was increased.

(f) The residuary estate was left to a charitable foundation.

(g) The 1964 will named Dr. Maxfield as the executor and he was to name the trustee of the foundation. The wish was expressed that he be president.

(h) The 1964 will was prepared by Haskins, Robottom & Hack, the attorneys who probated the will; Mr. Haskins was asked by Mr. Martin, an accountant who did work for Dr. Maxfield and decedent, to go to the decedent's home to prepare a will for the organization of the foundation; in April or May of 1964 Mr. Haskins and Mr. Martin went to the decedent's home, at which time Dr. Maxfield was there with the decedent; this happened again on May 21, 1964, except Mr. Martin was not present. Based on information, data and papers Mr. Haskins received from the decedent, he prepared the will executed by decedent on June 20, 1964.

On January 30, 1965 defendants' attorneys took the oral depositions of Mr. Haskins, an attorney at law of the State of New Jersey, during which proceeding he refused to answer questions concerning his attorney-client relationship with the decedent. Defendants then made a motion to compel Mr. Haskins to answer certain questions and furnish certain documents.

Mr. Haskins contends that his relationship with decedent was that of attorney and client and that his notes and conversations concerning the will are privileged by reason of *N. J. S.* 2A:84A–20 and they are part of his work product, under *R. R.* 4:16–2, not subject to discovery.

The depositions disclose that when Mr. Haskins saw the decedent someone else was not present at all times. I con-

clude that the attorney-client privilege was, for that reason, not waived.

Subsection (2) of the pertinent statute, *N. J. S.* 2A:84A–20 (lawyer-client privilege), sets out the following exception which, defendants claim, establishes that no privilege exists:

"(b) to a communication relevant to an issue between parties all of whom claim through the client, regardless of whether the respective claims are by testate or intestate succession or by inter vivos transaction."

■ A communication by a client to an attorney who drafted his will, and transactions leading to its execution, are not privileged after the client's death in a suit between the testator's heirs, devisees or other parties who claim under him, but may be invoked against claimants adverse to the interest of the client, his estate or his successors. 66 *A. L. R.* 2*d* 1305, 1307 (1959); 97 *C. J. S., Witnesses,* § 288, *p.* 814, and § 292, *p.* 822 (1957); *In re Graf's Estate,* 119 *N. W.* 2*d* 478, 481 (*N. D. Sup. Ct.* 1963).

In *Balazinski v. Lebid,* 65 *N. J. Super.* 483 (*App. Div.* 1961), the court said in discussing the lawyer-client privilege, *but not the statute:*

"We find no sound basis for defendant's contention that Andrew's conversations with his attorney for the preparation of his will were confidential and privileged, thereby precluding the attorney from testifying thereto. When he executed his will, he may have intended that its contents should not be divulged by his attorney *during his lifetime.* But it is natural to assume that he would not want this confidence to survive his death. A testator reasonably intends that any secrecy as to the will's contents at the time of execution and before his death must yield to *public disclosure* upon probate, after he has died." (at *p.* 495; emphasis added)

Mr. Haskins contends that *Anderson v. Searles,* 93 *N. J. L.* 227 (*E. & A.* 1919), is applicable. The court there held that a communication made by a client to his attorney during the course of preparation of the client's will remained a privileged communication after the death of the testator. In *Searles* the

claim was *adverse* to the interest of the client; it was for services rendered under an alleged contract with decedent.

In *Hansen v. Janitschek*, 57 *N. J. Super.* 418 (*App. Div.* 1959), Judge Conford's dissenting opinion stated:

> "* * * Nevertheless, since the privilege results in the exclusion of evidence, the doctrine, 'runs counter to the fundamental theory of our judicial system that the fullest disclosure of facts will best lead to the truth and ultimately to the triumph of justice.' * * *" (at *p.* 433)

On appeal, 31 *N. J.* 545 (1960), the majority opinion was reversed for the reasons expressed in that dissenting opinion.

The *Report of the Committee on the Revision of the Law of Evidence to the Supreme Court of New Jersey* (1955) said:

> "Parenthetically Rule 26(2)(b) renders admissible in a will contest or a will construction suit the testimony of an attorney who acts for a testator in the drawing of a will, but does not attest it. This is sound." (at *p.* 69)

 Rule 26, "Lawyer-Client Privilege," proposed by the committee, read:

> "(1) General Rule. Subject to Rule 37 and except as otherwise provided by Paragraph 2 of this rule communications found by the judge to have been between lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege * * *.
> (2) Exceptions. * * * (b) to a communication relevant to an issue between parties all of whom claim through the client, regardless of whether the respective claims are by testate or intestate succession or by inter vivos transaction * * *."

This is similar to the exception in *N. J. S.* 2A :84A–20(2)(b). All of the parties, including defendants claim an interest in decedent's estate.

I conclude that subsection (2)(b) of the cited statute applies and that a privilege does not exist, nor can Mr. Haskins claim the privilege.

I now consider Mr. Haskins' contention that the items hereinafter mentioned are not the proper subject matter of dis-

covery. *R. R.* 5:3–7 provides that *R. R.* 4:16–4 to 19 apply to matters in the Probate Division and discovery is permitted.

I conclude that the notes, the draft of the 1964 will, the interlineated 1961 will, and the source material for article 16 of the 1964 will made by Mr. Haskins were not prepared by him in anticipation of litigation and were not part of his work product, but were prepared, obtained and used by him as part of the regular, normal, ordinary procedure employed by an attorney so that he might properly draft and prepare a will.

The rationale in *Nordeide v. Pennsylvania R. R. Co.,* 73 *N. J. Super.* 74 (*App. Div.* 1962), applies to the instant case. The production of the enumerated items is necessary for the trial of the defendants' case; not to permit their production and examination before trial would work an undue hardship on them. *Ibid.,* at *p.* 79. Full disclosure of all relevant facts should be made in advance of trial. *Caparella v. Bennett,* 85 *N. J. Super.* 567 (*App. Div.*).

Counsel for defendants will submit appropriate order consented to as to form by plaintiff's attorney.