**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Carl J. GLAVKEE, Defendant and Appellant.**

**No. Cr. 329.**

Supreme Court of North Dakota.

Dec. 10, 1965.

**664**

Albert A. Wolf, State's Atty., Bismarck, for plaintiff and respondent.

Thompson, Lundberg & Nodland, Bismarck, for defendant and appellant.

STRUTZ, Judge.

The defendant was convicted in the county court of increased jurisdiction of Burleigh County of the crime of operating a motor vehicle on the highway while under the influence of intoxicating liquor. He has appealed from the judgment of conviction, and has assigned two specifications of error in support of his appeal.

The record discloses that, on the afternoon of July 4, 1964, the defendant, with his wife, drove to Regan, North Dakota, for the purpose of picking up one Charles Keator who, on occasion, had worked as the defendant's hired hand on the farm. They found Keator at a bar in Regan, and the defendant and his wife spent some time at this establishment. The wife admitted drinking some alcoholic beverages, but the defendant denies having had anything to drink in Regan. He does admit that he spent approximately three hours in the bar, but contends that this time was spent visiting and playing cards.

After leaving the bar, the defendant, with his wife and his hired hand, started home. As they approached the city of Wilton, the hired man requested that the defendant stop at a bar for the purpose of allowing him to go to a toilet. All three went into the bar and, according to the defendant's testimony, they remained there for but a short period of time. While in the bar, the defendant

admits having "one shot of whiskey," which he claimed was purchased for him by someone he did not know. The defendant testified that he did not remain in the bar any longer because he started having pains in his chest. He thereupon went out to the car and waited for his wife and the hired hand, who remained in the bar for a while longer. Then all three started for home, with the defendant driving. While proceeding south on Highway No. 83, south of Wilton, the defendant was stopped by a highway patrolman. The defendant's testimony is that all three of the occupants of his car were put into the patrol car and taken to Bismarck without being advised that he was under arrest or without being advised of any charge being made against him. The defendant admits that his car may have been traveling very slowly and weaving from side to side on the highway. But he explains this by saying that he was just trying out a new used car which he was not accustomed to driving and that if he did drive over forty miles an hour, the car would start to shimmy. He further testified that at one time he did drive over the centerline of the highway, but that that was for the purpose of avoiding a skunk in his lane of traffic. The defendant and his two witnesses denied everything that the highway patrolman and the police officer who saw them at the police station in Bismarck testified to as to their condition and their conduct.

We have carefully read the entire record. We believe there is ample evidence to justify the verdict of the jury. In fact, it is impossible to read this record without coming to the conclusion that the jury could have reached no other verdict. But the defendant does very strenuously contend that, while the evidence may have been legally sufficient to sustain the verdict of the jury, the trial court committed certain errors in the reception and the exclusion of evidence which were highly prejudicial to his case, and that because of such alleged errors he should be granted a new trial.

The defendant sets out the alleged errors on the part of the trial court in two specifications of error, as follows:

"1. That the trial Court erred in allowing witnesses for the State to testify concerning the alleged intoxicated condition of two witnesses for the Defendant, while at the same time not allowing the Defendant to show that criminal complaints against the same two witnesses for public intoxication were dismissed. That the credibility of the Defendant's witnesses as to his intoxication was thereby attacked, while at the same time the Defendant was not allowed to show the dismissal of these charges against these witnesses, which information the jury should have had so that the credibility of the witnesses for the State could have been better evaluated.

"2. That the Defendant's offer of proof as to events occurring while the Defendant was taken to his home were germane to the issues of the lawsuit and should have been admitted by the trial Court. That the prosecuting officer had stated that the Defendant was still intoxicated at the time he was taken home and therefore how he handled himself and how another patrolman who took him to his home treated him were events having a bearing upon the alleged intoxication of the Defendant since these events had a bearing upon the credibility of the State's witnesses in giving their opinion that the Defendant was intoxicated and the jury, in order to properly evaluate the State's opinion testimony regarding intoxication was entitled to know these events."

We will consider these specifications in the order in which the defendant sets them out.

Did the court err in allowing witnesses for the State to testify concerning the alleged intoxicated condition of the defend-

ant's two witnesses, while at the same time refusing to allow the defendant to show that criminal complaints against these two witnesses, for public intoxication, later were dismissed?

■ Every person accused of a crime is entitled to a fair trial according to the principles embodied in the Constitution and the laws of the State, and the test is not whether the legal form has been literally complied with but whether anything has been done or left undone which prejudiced the substantial rights of the accused. If substantial rights have been prejudiced, a new trial must be granted. State v. Torzeski, 79 N.D. 105, 54 N.W.2d 879.

■ The fact that a witness was intoxicated at the time of the event concerning which he is testifying bears on his capacity for accurate observation and memory, and it is proper to show such intoxication in passing on the witness's credibility. However, the fact that a witness was arrested for being drunk at the time of the events concerning which he testifies is wholly immaterial and sheds no light on the credibility of his testimony. 98 C.J.S. Witnesses § 461h, p. 328.

■ Thus the evidence of intoxication of defendant's witnesses at the time of the arrest was properly admitted as a reflection upon the credibility of such witnesses. But evidence that they were arrested for such intoxication was clearly incompetent and should not have been received. It is generally not permissible to show, for the purpose of impeachment, that a witness has been accused of or arrested for a crime of which he is not shown to have been convicted.

However, the defendant cannot claim error on this ground, for it was the defendant himself who brought out this evidence. In cross-examining the highway patrolman, counsel for the defendant asked him:

"On that same day you also swore out a criminal complaint against his wife, Cornelia Glavkee and the hired man for being intoxicated too, did you not?"

Before the witness had an opportunity to answer the question, counsel for the defendant continued:

"You know that the Court has dismissed these charges as to these people?"

Whereupon the State objected to the question and this objection was sustained by the court.

It was perfectly proper for the State to show the condition of the defendant's witnesses at the time about which they were testifying. It was the defendant himself who brought out the improper evidence about the arrest for drunkenness, and, having introduced this evidence himself, he cannot complain because the court would not allow further incompetent evidence as to the dismissal of these charges. There was no error committed by the trial court under the defendant's first specification.

The second specification in support of the appeal is that the court erred in excluding certain evidence which the defendant offered as to events which occurred while the defendant was being escorted home by a patrol officer some three hours after his arrest. The officer who took the defendant home was not called as a witness. Shortly before the defendant was to be taken home, however, the arresting officer had observed him and testified that, in his opinion, the defendant still was under the influence of intoxicating liquor at that time. At the trial, the defendant made an offer of proof to show certain transactions and occurrences which happened at the time the defendant was being transported to his home by the patrolman, on the basis that proof of such transactions and occurrences would show that the defendant was not intoxicated, as had been claimed by the arresting officer. It is argued by the defendant that surely an officer of the law would not have compelled the

defendant, if he were an obviously intoxicated man, to walk about a mile, at night and in the rain. The trial court, however, excluded this testimony as being too remote, and the defendant claims this was error.

■ Generally, evidence is inadmissible even though logically relevant, unless it has some probative value to establish a material fact involved in the lawsuit. Here, the main inquiry was as to the defendant's condition at approximately eight o'clock in the evening, at the time he was driving while allegedly under the influence of intoxicating liquor. What his condition was some three hours later, after he had been stopped, arrested, examined, and taken to jail, and finally released on bond and taken home, certainly would not be material to any issue in this case.

■ The question of remoteness of evidence is to be decided by the trial court in the exercise of its discretion. In re Graf's Estate, N.D., 119 N.W.2d 478; Lake v. Neubauer, N.D., 87 N.W.2d 888. Any determination so made by the trial court is not reviewable on appeal unless it appears that there was a probable abuse of such discretion. Remoteness affects the weight of the evidence rather than its admissibility.

If the defendant had wanted to show that the officer who took him home felt that he was not under the influence of intoxicating liquor, which in itself would not have proved that he was not so under the influence three hours earlier, the defendant could have called such officer to testify. No doubt the trial court would have allowed such evidence into the record, even though somewhat remote. But the exclusion of the testimony that the defendant knew the way home, knew the condition of the highway, and that, by being told to walk the final portion of the journey, he was not treated as a drunk person by the officer who took him, would be immaterial on the question of whether the defendant had been operating his vehicle while under the influence of intoxicating liquor three hours earlier.

■ To be guilty of operating a motor vehicle under the influence, in violation of Section 39–08–01(b), N.D.C.C., prohibiting the operation of any vehicle upon a highway of the State by one under the influence of intoxicating liquor, it is not essential that the driver be so intoxicated that he cannot drive. The expression "under the influence of intoxicating liquor" covers not only the well-known and easily recognized conditions of intoxication but also covers any abnormal mental or physical condition which is the result of indulging, to any extent, in the use of intoxicating liquor, which use tends to deprive him of that clearness of intellect and control of himself which he otherwise would possess. In other words, a person may be "under the influence of intoxicating liquor" within the meaning of the statute forbidding the operation of a vehicle upon the highway even though he is not intoxicated. This court, in the case of State v. Hanson, 73 N.W.2d 135, 140, approved the definition of the term "under the influence of intoxicating liquor" as a condition created when a person's mental and physical functions have become abnormal to some slight extent from the use of intoxicating liquor; that it is immaterial whether the amount of liquor consumed was large or small.

We find no prejudicial error in the record. The judgment of the trial court is affirmed.

ERICKSTAD, KNUDSON, and TEIGEN, JJ., concur.

BURKE, C. J., did not participate.